# UNITED STATES DISTRICT COURT
## Western District of North Carolina

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )   **JUDGMENT IN A CRIMINAL CASE** |
| | )   (For Offenses Committed On or After November 1, 1987) |
| **V.** | ) |
| | ) |
| **PAULA SACCOMANNO** | )   Case Number:  DNCW316CR000221-008 |
| | )                DNCW318CR00054 |
| |     USM Number:  15951-104 |
| | ) |
| | )   Richard Lubin |
| | )   Defendant's Attorney |

**THE DEFENDANT:**

☒   Pleaded guilty to count(s) <u>1,24 (3:16cr221); 1 (3:18cr54)</u> .

☐   Pleaded nolo contendere to count(s)_which was accepted by the court.

☐   Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| | | | (3:16cr221) |
| 181349, 18:1343 and 18:2326(2)(A) | Conspiracy to Commit Mail and Wire Fraud | 8/18/2016 | 1 |
| 18:1343, 18:2326(2)(A) and 18:2 | Wire Fraud and Aiding and Abetting the Same | 5/31/2016 | 24 |
| | | | (3:18cr54) |
| 18:1349, 18:1341 and 18:1343 | Conspiracy to Commit Mail and Wire Fraud | 9/2017 | 1 |

The Defendant is sentenced as provided in pages 2 through 16 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

☐   The defendant has been found not guilty on count(s).

☒   Count(s) <u>2-23, 25-29; 1s-29s (3:16cr221); 9 (3:18cr54),</u> (is)(are) dismissed on the motion of the United States.

    **IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  7/8/2019

Signed: July 18, 2019

Max O. Cogburn Jr.
United States District Judge

Defendant: Paula Saccomanno
Case Number: DNCW316CR000221-008
          DNCW318CR000054

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIVE (5) MONTHS on each of Counts 1 and 24 in case 3:16cr221 and Count 1 in case 3:18cr54, to run concurrently.

☒ The Court makes the following recommendations to the Bureau of Prisons:
- - Participation in any available educational and vocational opportunities.
- - Placed in a facility as close to Boca Raton, FL as possible, consistent with the needs of BOP.
- - Participation in the Federal Inmate Financial Responsibility Program.

☐ The Defendant is remanded to the custody of the United States Marshal.

☐ The Defendant shall surrender to the United States Marshal for this District:

       ☐ As notified by the United States Marshal.
       ☐ At _ on _.

☒ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐ As notified by the United States Marshal.
       ☒ Before 2 p.m. on 1/1/2020 .
       ☐ As notified by the Probation Office.

# RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.


_____
          United States Marshal

                      By: _____
                              Deputy Marshal

Defendant: Paula Saccomanno
Case Number: DNCW316CR000221-008
          DNCW318CR000054

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>TWO (2) YEARS on each of Counts 1 and 24 in case 3:16cr221 and Count 1 in case 3:18cr54, to run concurrently</u>.

☐    The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1.    The defendant shall not commit another federal, state, or local crime.
2.    The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3.    The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4.    The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5.    The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6.    The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7.    The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
8.    A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10.    The defendant shall support his or her dependents and meet other family responsibilities.
11.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12.    The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13.    The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14.    The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively; The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.
15.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17.    The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19.    The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22.    If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23.    If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24.    The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25.    The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

## ADDITIONAL CONDITIONS:

26.    The defendant shall be placed on home detention with location monitoring technology for a period of TEN (10) MONTHS, to commence immediately following release from imprisonment. During this time, the defendant is restricted to the defendant's place of residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer. The defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding," "Caller ID services," "call waiting," dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|------------|------|-------------|
| $300.00 | $0.00 | $1,949,034.17 |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

## FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

☐ The defendant shall pay court appointed counsel fees.

☐ The defendant shall pay $0.00 towards court appointed fees.

## RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

## NAME OF PAYEE AMOUNT OF RESTITUTION ORDERED

| <u>NAME OF PAYEE</u> | <u>AMOUNT OF RESTITUTION ORDERED</u> |
|---|---|
| See Attachments A and B | See Attachments A and B |

☒ Joint and Several

    ☒   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* if appropriate:

        Attachment A:

| Robert Leslie Stencil | 3:16cr221-1 |
|---|---|
| Daniel Thomas Broyles, Sr. | 3:16cr221-2 |
| Kristian F. Sierp | 3:16cr221-3 |
| Martin Delaine Lewis | 3:16cr221-5 |
| Michael Allen Duke | 3:16cr221-7 |
| Dennis Swerdlen | 3:16cr221-9 |
| Nicholas Fleming | 3:16cr221-6 |

        Attachment B:
Defendants in Southern District of Florida case 1:17cr20676
Rockey Hatfield a/k/a
Steve Lovern
Steve Bailen
Wayne Scott Simpson
Donald Braxton
William Paul Hamilton
Dennis Swerdlen

    ☒   Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☒ The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution.

☒ Any payment not in full shall be divided proportionately among victims.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $0.00 due immediately, balance due
        ☐ Not later than_____
        ☐ In accordance ☐ (C), ☐ (D) below; or
B ☒ Payment to begin immediately (may be combined with ☐ (C), ☒ (D) below); or

C ☐ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $50.00 to commence
        60 (E.g. 30 or 60) days after the date of this judgment; or

D ☒ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $ 25.00 to commence
        60 (E.g. 30 or 60) days after release from imprisonment to a term of supervision. In the event the entire
        amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the
        U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or
        modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☒ The defendant shall forfeit the defendant's interest in the following property to the United States
        Any properties identified by the United States.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: Paula Saccomanno
Case Number: DNCW316CR000221-008
    DNCW318CR000054

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____  Date: _____
     Defendant

(Signed) _____  Date: _____
     U.S. Probation Office/Designated Witness

**Attachment A**

ANN L THOMAS
Amount: $5,000.00

APOLLO SEIKO LTD
Amount: $17,000.00

AUSTEN`S CONSTRUCTION AND REMODELING LLC
Amount: $7,500.00

BARBARA PIEDMONT
Amount: $28,750.00

BOB BERRY
Amount: $35,000.00

CAROLE D ALLEY
Amount: $5,000.00

CHARLES E BLACK
Amount: $2,500.00

CHARLES MORSE
Amount: $10,000.00

CHARLES T GILMER SR
Amount: $5,000.00

CLEVE HUTCHINS
Amount: $2,000.00

CLIFFORD F BLOOM
Amount: $2,500.00

CORBETT MILLER
Amount: $2,500.00

CRAIG A WALLACE
Amount: $10,000.00

DANIEL STEIN
Amount: $25,000.00

DAVID B FLORES
Amount: $3,750.00

DAVID DAMERJIAN
Amount: $16,500.00

DAVID GROOTHUIS
Amount: $25,000.00

DCM ROLLOVER TWO LLC
Amount: $30,000.00 DEADRA WILLAIMS
Amount: $12,000.00

DEER CREEK LAND & CATTLE COMPANY, LLC
Amount: $4,000.00

DEVEREN ADDISON
Amount: $3,500.00

DUANE WOEBBEKING
Amount: $5,000.00

DYKE THORNBURG
Amount: $3,000.00

EARL F. SMITH
Amount: $2,500.00

ED HORTON
Amount: $4,000.00

EDDIE DUNAGAN
Amount: $2,500.00

EDWARD L FRONAPFEL
Amount: $145,000.00

ELLEN GREEN
Amount: $50,000.00

LAWRENCE FITZGERALD
Amount: $37,500.00

FLOYD L WISEMAN
Amount: $20,000.00

GARY C HOSKINS
Amount: $2,500.00

GARY L HAUSCHILDT
Amount: $13,750.00

GEORGE D MACKENZIE
Amount: $28,750.00

GEORGE E. WILSON
Amount: $5,000.00

HARLAN P KEMPF
Amount: $5,500.00

HAROLD A LAPHAM
Amount: $50,000.00

HARRIE M CURTIS
Amount: $2,500.00 HOWARD ANDERSON
Amount: $6,250.00

JAMES A RHODE
Amount: $10,000.00

JAMES C HEALEY
Amount: $25,000.00

JAMES F HUDSON
Amount: $5,000.00

JAMES R GAWEL
Amount: $3,000.00

JAMES R. WRIGHT
Amount: $3,750.00

JAMSHID S MONAFARED
Amount: $12,500.00

JERALD SMITH
Amount: $10,000.00

JOHN A FLOWERS
Amount: $7,500.00

JOSEPH WASSERSTROM REV TRUST
Amount: $15,000.00

JULES M MOFFETT
Amount: $50,000.00

KAREN SMITH
Amount: $10,000.00

KENNETH SCHIFFER
Amount: $5,000.00

LEE TATE
Amount: $1,000.00

LEO D DERUNGS
Amount: $5,000.00

MARTIN S HAGENSON
Amount: $2,500.00

MATHEW COOK
Amount: $10,000.00

MICHAEL NOONAN
Amount: $10,000.00

MIDWEST RECREATION PARTNERS LLC
Amount: $10,000.00

PAUL DELANCEY
Amount: $25,000.00

PAUL LINTHORST
Amount: $12,500.00

PAUL MONTANARELLA
Amount: $50,000.00

PREMIUM ENERGY ASSETS LLC
Amount: $5,000.00

REX J HESS
Amount: $5,000.00


ROBERT H ASTONE
Amount: $5,000.00

ROBERT M KUHNERT
Amount: $65,000.00

ROBERT OTT
Amount: $37,500.00

RODNEY DURHAM
Amount: $10,000.00

ROSALYN A. RICH
Amount: $5,000.00

STRANG HEATING AND AIR CONDITIONING INC.
Amount: $37,500.00

TERRANCE P BUHR
Amount: $10,000.00

TERRY SAYERS
Amount: $7,500.00

THE DUARTE TRUST
Amount: $37,500.00

THE ENTRUST GROUP
Amount: $36,750.00

THOMAS R CRAY
Amount: $5,000.00

THOMAS S OLSEN III
Amount: $36,250.00

TIM L GAEBE
Amount: $2,750.00

TOM REINHART
Amount: $5,000.00

TOMASZ WASNIOWSKI
Amount: $10,000.00

TREVOR D TAYLOR
Amount: $6,250.00

VERNON MCALLISTER
Amount: $40,000.00

W&J PALMER LIMITED PARTNERSHIP
Amount: $15,000.00

WAYNE R HIERSEMAN
Amount: $30,000.00

WELDON HOLLEY
Amount: $2,500.00


WILLIAM HASHIMOTO
Amount: $2,250.00

WILLIAM J GRAFF
Amount: $60,000.00

WILLIAM J NEELY
Amount: $50,000.00

WILLIAM UHLENKOTT
Amount: $2,500.00


Total Restitution: $1,448,250.00

*Pursuant to the Plea Agreement, the parties agree that the defendant should pay restitution in the amount of $1,492,164.17.

**Attachment B**

ALEXANDER SHARONE
Amount: $60,000.00

ALEXANDROS GIANAKAKOS
Amount: $250,000.00

ALLEN AND ERIC L KINWORTHY
Amount: $237,500.00

ARTHUR G MITTON III
Amount: $0.00

BARTHOLEMEW KILKENNY
Amount: $12,000.00

BESTTECH BRANDS
Amount: $0.00

CARROLL BOLICK
Amount: $90,000.00

DANIEL G BROOKS
Amount: $0.00

DANIEL O RITT
Amount: $100,000.00

DARRELL A HEINECKE
Amount: $42,167.40

DON ALTHEN
Amount: $0.00

DON G AND BECKY BERGERT
Amount: $150,000.00

DORIS I BENSON
Amount: $0.00

E.H. LEWIS MD
Amount: $0.00

EDWARD ZINIEL
Amount: $30,000.00

EUGENE WINSTON
Amount: $0.00

FLOYD L AND JANE C WISEMAN
Amount: $0.00

FRANK L WELLS
Amount: $0.00

GARY R WILSON
Amount: $0.00

H&B INDUSTRIES INC LUBRICANTS - CHEMICALS - FILTER
Amount: $2,500.00

HARA MISRA
Amount: $20,000.00

HARRIET AND MATTHEW RENSEN
Amount: $0.00

JAMES AND TRICIA LUKE
Amount: $35,000.00

JAMES N BRISTOW
Amount: $0.00

JAMES S SINGLETON III
Amount: $50,000.00

JAMES WILLIAM NYE
Amount: $30,000.00

JESSICA JOHNSON HARKINS
Amount: $0.00

JIM COPLEY
Amount: $0.00

JOEL D MLYNARSKI
Amount: $0.00

JOHN A FLOWERS
Amount: $30,000.00

JOHN LYONS
Amount: $0.00

JT AND TL LUKE
Amount: $0.00

LARRY L TAYLOR
Amount: $10,000.00

LEE C LUNDBERG
Amount: $0.00

LEE TATE
Amount: $0.00

LENORA B AND EDWARD D ZINIEL
Amount: $0.00

LEONARD A NEWMAN
Amount: $0.00

LESTER GANN
Amount: $5,000.00

LINDA M AND SANTUCCIO MD RICCIARDI
Amount: $0.00

MARSHALL RICHARDSON
Amount: $0.00

MATTHEW AND HARRIET RENSEN
Amount: $45,000.00

MR JAMES NYE
Amount: $0.00

MURRAY AND DEBORAH ROTBERT
Amount: $25,000.00

NEAL L ROGERS
Amount: $15,000.00

NOLAN B AND JULIE L PATTERSON
Amount: $30,000.00

OBERT AABERG
Amount: $60,600.00

PAMELA SPIVEY
Amount: $30,000.00

PHILLIP OVADIA
Amount: $0.00

REV. LEONARD T MARTZ
Amount: $0.00

REX E AND JONADYNE A CARPENTER
Amount: $0.00

RICHARD P MAVES
Amount: $0.00

RICHARD W BRUGGEMANN
Amount: $0.00

ROBERT AND HELEN KUHNERT FAMILY TRUST
Amount: $0.00

ROBERT AND SHARON OTT
Amount: $0.00

ROBERT L AND SANDRA L MANTZ
Amount: $0.00

ROBERT L BUSH
Amount: $0.00

ROBERT M KUHNERT
Amount: $0.00

RODGER L MAECHTLEN
Amount: $0.00

ROGER H KLEIN SR BUSINESS ACCT
Amount: $0.00

ROGER H OR JOANNE M KLEIN
Amount: $90,000.00


SIEGFRIED SCHULZ LIVING TRUST/ SIEGFIED SCHULZ TTE
Amount: $0.00

SYED M REHMAN
Amount: $80,000.00

THOMAS A AND ALICE S PRICE
Amount: $0.00

THOMAS PRICE
Amount: $0.00

TOM REINHEART
Amount: $30,000.00

VERNON L MCALLISTER
Amount: $0.00

WAYNE A AND DOTTIE M ROSS
Amount: $10,000.00

WAYNE FRIBERG
Amount: $20,000.00

WILLIAM COBURN MD
Amount: $5,000.00

WILLIAM POPYUK
Amount: $5,000.00

Total Restitution: $1,599,767.40

*Pursuant to the Plea Agreement, the parties agree that the defendant should pay restitution in the amount of $456,870.00.